Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3089 | DATE | Oct. 21, 2002 |
| CASE TITLE | Timothy Shoecraft v Deloitte and Touche | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, defendants' motions to stay and to compel an audit are granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| X | Notices mailed by judge's staff. | | | OCT 23 2002 | |
| | Notified counsel by telephone. | | | date docketed | 27 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | | date mailed notice | |
| GDS | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



OCT 3 1 2002

| | |
|---|---|
| CONRAD P. LEE, individually and/or as successor/ assignee of the Conrad Lee Company, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELOITTE AND TOUCHE, LLP, et al.,<br><br>Defendants. | No. 02 C 3087<br><br>Judge Robert W. Gettleman |
| MOSES K. CHEUNG, individually and/or as successor/assignee of MKC Enterprises, Inc., formerly known as The Oxxford Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>DELOITTE AND TOUCHE, LLP, et al.,<br><br>Defendants. | No. 02 C 3088<br><br>Judge Robert W. Gettleman |
| TIMOTHY SHOECRAFT, NORMAN BEVAN WALTER DUEMER, et al., individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE AND TOUCHE, LLP, et al.,<br><br>Defendants. | No. 02 C 3089<br><br>Judge Robert W. Gettleman |

| | |
|---|---|
| VICTOR ARIAS, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | No. 02 C 3090 |
| v. ) ) | Judge Robert W. Gettleman |
| DELOITTE AND TOUCHE, LLP, et al., ) ) | |
| Defendants. ) ) | |
| TIMOTHY J. O'BRIEN, et al., ) ) ) | |
| Plaintiffs, ) ) | No. 02 C 3091 |
| v. ) ) | Judge Robert W. Gettleman |
| DELOITTE AND TOUCHE, LLP, et al., ) ) | |
| Defendants. ) ) | |
| SEAN MCLERNON, ) ) ) | |
| Plaintiff, ) ) | No. 02 C 4505 |
| v. ) ) | Judge Robert W. Gettleman |
| DELOITTE AND TOUCHE, LLP, et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In these related actions, plaintiffs have filed separate lawsuits alleging that they were fraudulently induced to sell their companies as part of a large "roll-up" into a newly created company called EPS Solutions Corp. ("EPS"). A detailed description of the alleged scheme to defraud and each defendant's alleged participation in it can be found in the court's opinion in a related case,

Hoffman v. Deloitte and Touche, et al., 143 F. Supp.2d 995 (N.D. Ill. 2001). All defendants have moved to stay or dismiss the current actions pending arbitration, and/or to compel arbitration. For the reasons set forth below, these motions are granted.

## Background

Plaintiffs in these cases are former roll-up company owners and/or revenue producers of those roll-up companies. Each company owner entered into either a Stock Purchase Agreement or an Asset Purchase Agreement (the "Purchase Agreements") with EPS. Each Purchase Agreement contained an arbitration provision that provides:

> Any controversy or claim arising out of or relating to this Agreement shall be solely and finally settled by arbitration administered by the American Arbitration Association ("AAA") . . . .

Each plaintiff revenue producer entered into separate agreements with EPS, including a stock holder agreement, a restricted stock purchase agreement and an employment agreement. Each of these agreements contains similar arbitration clauses.

## Discussion

In Hoffman, the plaintiffs were former roll-up companies and their owners, who allege that the defendants (Deloitte and Touche, Jefferies, Massey and Watts) were engaged in the same widespread scheme to defraud as alleged in the instant cases. The Purchase Agreements in Hoffman, between the plaintiffs and EPS, contained arbitration clauses identical to the arbitration clauses at issue in the instant cases. The Hoffman defendants all moved to compel arbitration despite not being signatories to the agreements contained in the arbitration clauses. Because the plaintiffs' claims (1) all made reference to and presumed the existence of the written sale agreements, and (2) all raised allegations of substantially interdependant and concerted misconduct by both the non-signatory and

3

one or more signatories to the contract, the court concluded that the plaintiffs were equitably estopped from avoiding arbitration with all of the defendants. Hoffman, 143 F. Supp.2d at 1004-05.

The same reasoning applies with equal force to the instant motions. Recognizing the futility in arguing otherwise, plaintiffs instead have attempted to change the rules in the middle of the game. After defendants moved to stay the instant proceedings and compel arbitration based on their right to assert the arbitration clauses in the original Purchase Agreements as held in Hoffman, plaintiffs and EPS executed purported "modifications" to the arbitration clauses contained in those agreements. Those "modifications" change the venue of the arbitration, and clearly favor plaintiffs and EPS over defendants. For example, the modified clauses give EPS and plaintiffs the right to hand pick the arbitrators, with no input from defendants. It also limits the number of interrogatories a party may serve, and treats Jefferies and Weinhuff as one party, Massey and Watts as one party, and Gibson, Dunn and Schindler as one party.[1]

Plaintiffs do not suggest that the modifications eliminate defendants' right to arbitrate. Indeed, as noted above, the modifications expressly anticipate that defendants (with the possible exception of Deloitte & Touche) shall be parties to the arbitration. Rather, plaintiffs argue that if defendants have a right to arbitrate they must do so pursuant to the terms of the modified arbitration clauses. Defendants disagree, and have argued that they should be allowed to withdraw their motions should the court conclude that the modifications are valid.

Under the Federal Arbitration Act, 9 U.S.C. § 4, this court decides whether an agreement to arbitrate exists, as well as any challenge to the validity of the agreement, including questions

---

[1]Surprisingly, the modifications make no reference to Deloitte & Touche as a party. It is unclear whether this omission was intentional or an oversight.

4

concerning the scope of the arbitration clause and the manner in which the parties agree to conduct the arbitration. See Matterhorn, Inc. v. NCR Corp., 763 F.2d 866, 868 (7th Cir. 1985). This court has already held that a valid agreement to arbitrate exists. Hoffman, 143 F. Supp.2d at 1004-05. To determine the scope and manner of the arbitration, the court must decide whether the proposed modifications are effective. That decision is governed by California law, because it involves the formation and validity of the contract, and the contracts in question provide for California law to govern their interpretations. See Hoffman, 143 F. Supp.2d at 1004 n.4.

To support their position that the modifications are effective, plaintiffs go to great lengths to establish the rather unremarkable proposition that under California law parties to a written contract, including an agreement to arbitrate, can modify that contract in writing. See Hall v. Remp, 73 Cal.App.2d 377 (1946); Armendariz v. Foundation Health Psychcare Services, Inc., 6 P.3d 669, 679, S. Ct. Ca. 2000). Of course, the issue is not whether parties to a written arbitration agreement can ever mutually agree to modify it, but whether they can do so unilaterally after others have asserted rights under the original agreement. In the instant case, plaintiffs brought claims that relate to the original agreement against all defendants. Defendants asserted their right to arbitrate under the original agreements, a right that this court has already upheld in Hoffman.

California follows the Restatement (Second) of Contracts. See Aronowicz v. Nalley's Inc., 30 Cal. App. 3d 27 (1972). Section 90(1) of the Restatement incorporates the Doctrine of Promissory Estoppel, providing:

> A promise which the promissor should reasonably expect to induce action or forbearance on the part of the promissee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. Remedy for breach may be limited as justice requires.

5

In the instant cases, plaintiffs knew at the time they filed suit that this court had already determined that defendants have a right to assert the arbitration clauses in the agreements that form the basis of plaintiffs' complaints. Plaintiffs knew that defendants had already asserted those rights prior to plaintiffs' attempted modifications of the agreements. Thus, plaintiffs knew that defendants had already justifiably acted in reliance on the arbitration clauses in the original agreements. Allowing plaintiffs' to negate that reliance by a subsequent modification of the agreements would be unjust. Plaintiffs have presented no case in which a court has allowed such a subsequent modification and this court has found none. Accordingly, the court concludes that the modifications to the arbitration clauses are invalid, and that defendants have a right to arbitrate under the arbitration clauses set forth in the original, unmodified agreements.[2]

### Conclusion

For the reasons set forth above, defendants' motions to stay and to compel arbitration are granted.

**ENTER:** October 21, 2002

Robert W. Gettleman
United States District Judge

---

[2] In Hoffman, the court also held that Deloitte & Touche is a third party beneficiary to the Purchase Agreements. Under § 311 of the Restatement (Second) of Contracts, the power to modify a duty owed to a beneficiary terminates when the beneficiary, before receiving notification of the modification, materially changes his position in justifiable reliance on the promise or brings suit on it. This section provides an additional ground by which Deloitte & Touche can enforce its right to arbitrate under the original agreements.

6